UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCOS GONZALEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 10-0346 (CKK) |
| ERIC HOLDER, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss. For the reasons discussed below, the motion will be granted in part and denied in part without prejudice, and this action will be transferred to the United States District Court for the Western District of Texas.

I. BACKGROUND

Plaintiff, a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), alleges that, in November 2002, he suffered "an injury in the recreation yard at the Federal Correctional Institution in Beaumont, Texas," Compl. ¶ 30, which caused him "pain in his groin, testicles and inside thigh . . . [continuing] unabated for over six years," *id.* ¶ 31. In July 2008, he "was diagnosed . . . as having a hernia [which] continued to grow over the years as the rupture of the abdomen wall became larger." *Id.* ¶ 32. Notwithstanding several efforts to obtain medical treatment, *see id.* ¶¶ 33-40, he continued to endure pain, *id.*, ¶¶ 41, 50. Plaintiff was told that the hernia could be repaired by laproscopic surgery, *see id.* ¶ 49, yet "[d]efendants have refused to provided needed medical attention," which has "endangered [plaintiff's] health and well being,"

1

*id.* ¶ 50.

In Counts I and II of his complaint, plaintiff alleges that Claude Maye, FCI Bastrop's Warden, is aware of plaintiff's "injury[] and the need for immediate surgical intervention . . . and . . . ha[s] failed to act, or by omission ha[s] been deliberately indifferent to [p]laintiff's medical needs, *id.* ¶ 61, causing plaintiff "unnecessary and wanton infliction of pain and suffering," *id.* ¶ 62; *see id.* ¶ 66. For this alleged violation of plaintiff's rights under the Eighth Amendment to the United States Constitution, plaintiff sues Warden Maye in his individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and in his official capacity. *See id.* ¶¶ 4, 66. He demands compensatory and punitive damages as well as costs and attorney fees. *See id.* ¶¶ 63, 67. Similarly, in Counts I and III of his complaint, plaintiff alleges that Dr. McLaughlin, Clinical Director at FCI Bastrop, and Michael Schappaugh, a commissioned officer of the U.S. Public Health Service Officers Corps, too, are aware of plaintiff's need for surgical intervention and "have failed to direct that the medical procedure[] be performed," and thus "have been deliberately indifferent to [p]laintiff's medical needs." *Id.* ¶ 69; *see id.* ¶ 61. These defendants are sued in their individual and official capacities, *see id.* ¶¶ 5-6, 63, 70, and plaintiff demands compensatory and punitive damages as well as costs and attorney fees. *See id.*

In Count V, plaintiff alleges that Dr. Regina Benjamin, Surgeon General, and Schappaugh "are responsible for providing adequate medical care to inmates," *id.* ¶ 78, that they have failed or otherwise refused to provide plaintiff the treatment prescribed for him, and that they have "acted with deliberate indifference to [p]laintiff's medical needs," *id.* ¶ 79. He sues Dr. Benjamin in her official capacity, and Schappaugh in both his official and individual

2

capacity, "for malpractice, deliberate indifference, conscious avoidance or deliberate avoidance for the pain [p]laintiff has suffered and the continued degeneration of his injuries," for which he demands monetary compensation. *Id.*

Plaintiff also brings a claim in Count IV under the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 701 *et seq.*, against the United States Department of Justice ("DOJ"), the BOP, and the Public Health Service, for the agencies' failure "to promulgate regulations along with a notice and comment period to provide procedures for the equal access to health care by inmates" in BOP custody. Compl. ¶ 72. He demands a declaratory judgment and injunctive relief directing the Attorney General, the BOP Director, and the Surgeon General to "promulgate independent regulations authorizing the [Public Health Service] . . . to administer [healthcare] to inmates." *Id.* ¶ 76.

Lastly, in Count VI, plaintiff demands mandamus relief to compel defendants to provide "necessary medical care [to include] out-patient, in-patient care, medicine, and/or medical procedures to repair an injury and to further prevent it's [sic] degeneration, or place [p]laintiff into jeopardy of loss of life[] or further illness." *Id.* ¶ 82.

## II. DISCUSSION

### A. *Plaintiff's Claims Against the Individual Defendants in their Official Capacities Will Be Dismissed*

Defendants move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that sovereign immunity shields the United States from suit with respect to plaintiff's constitutional claims. Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 7-8.

The claims plaintiff brings against individual defendants in their official capacities, *see*

3

Compl. ¶¶ 2-6, are treated as if they were brought against the United States directly. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "[T]he United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). The Federal Tort Claims Act ("FTCA") waives the United States' immunity as to certain common law torts, *see* 28 U.S.C. §§ 1346(b)(1), 2679(b), but not constitutional tort claims, *see FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984). Accordingly, defendant's motion to dismiss plaintiff's constitutional claims against the individual defendants in their official capacities will be granted.

> B. *Plaintiff's Claims Against Defendants McLaughlin, Maye and Schappaugh Will Not Be Dismissed for Lack of Subject Matter Jurisdiction, Insufficient Process, or Insufficient Service of Process*

Defendants McLaughlin, Maye and Schappaugh move to dismiss under Rules 12(b)(2), (4) and (5) on the ground that insufficient process and insufficient service of process deprive the Court of personal jurisdiction over them. *See* Defs.' Mem. at 8-9. Plaintiff responds that the "lack of personal service . . . should not be held against him" in light of his incarceration. Pl.'s Answer to Mot. to Dismiss ("Pl.'s Opp'n") at 1. He represents that, as an incarcerated person, he "has no internet access [and] no access to . . . phone directories from which he could glean the residence addresses of defendants." *Id.*

The Court is mindful that a *pro se* party who is proceeding *in forma pauperis* may rely on the Clerk of Court and the United States Marshals Service to effect service of process on his behalf. *See* Fed. R. Civ. P. 4(c)(3). In these circumstances, the plaintiff generally should not be

4

penalized for court officers' failure or mistake in properly effecting service. *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring). Plaintiff is not wholly relieved of his obligation to serve the defendants because of his *pro se* status, however. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff's] responsibility to provide proper addresses for service on [the defendants]."); *Thomas v. Robinson*, No. 8:08-CV-662-T-30, 2008 WL 5110857, at *1 (M.D. Fla. Nov. 25, 2008) ("Even though the Court must assist *pro se* litigants proceeding *in forma pauperis* with service of process, the Court cannot meet this duty when a plaintiff fails to provide the Court with a valid name or address for a defendant."). In this case, the failure to effect service cannot "be ascribed to the plaintiff's dilatoriness or fault or inaction." *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 345 (5th Cir. 2007) (per curiam) (internal quotation marks and citation omitted). Accordingly, defendants' motion to dismiss under Rules 12(b)(2), (4) and (5) will be denied without prejudice. *See, e.g., Portis v. Caruso*, No. 1:09CV846, 2010 WL 3609517, at *1 (W.D. Mich. Sept. 13, 2010) (adopting Magistrate Report and Recommendation to grant defendants' motion under Rule 12(b)(5), construed as a motion to quash service, and allowing the prisoner plaintiff another attempt to properly serve defendants); *Kaminsky v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:08CV882, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009); *Muhammad v. Bunts*, No. 1:03CV228, 2006 WL 898128, at *8 (N.D.W. Va. March 31, 2006).

### C. Plaintiff's Bivens Claim Against Warden Maye Will Be Dismissed

Plaintiff alleges that, as FCI Bastrop's Warden, defendant Maye is "responsible for the

5

custody and care of inmates housed" there. Compl. ¶ 4. His sole involvement in the events giving rise to plaintiff's claims appears to be his responses to grievances filed by plaintiff in 2009 regarding his desire to see a medical doctor, *id.*, Ex. D-E (Request for Administrative Remedy dated April 9, 2009 and Response dated April 28, 2009), and a surgeon, *id.*, Ex. J (Informal Request to Staff dated June 10, 2009 and Response dated July 29, 2009). Defendants contend that plaintiff "does not identify any direct involvement by [d]efendant Maye in the alleged constitutional violations," Def.'s Mem. at 12, and that Maye "is not personally liable for constitutional torts of employees he supervises under the doctrine of *respondeat superior*," *id.* at 11. In response, plaintiff argues that Maye is responsible for "a direct denial of treatment," Pl.'s Opp'n at 4, through this response to an inmate grievance:

> A review of your case reveals that you have an appointment with a surgeon in the near future. Should you require follow-up care in the interim, you have access to Health Services via sick call, Inmate Request to Staff, and the Health Services Administrator at main line.

Compl., Ex. J (Response to Request for Administrative Remedy, Remedy I.D. #547957-F1). In plaintiff's view, Maye "is personally responsible for his own actions." Pl.'s Opp'n at 4.[1]

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr.*

---

[1] The Court will not address plaintiff's apparent attempt to add a new claim against Warden Maye "for failing to provide proper training and guidance to McLaughlin and Schappaugh," Pl.'s Opp'n at 4, because it does not appear in the complaint. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam) (holding that plaintiff may not raise new legal claim for the first time in his opposition to defendant's summary judgment motion). Plaintiff, however, might consider filing an amended complaint to add new claims or parties to this suit. *See Carter v. Dep't of the* Navy, No. 05-cv-0775, 2006 WL 2471520, at *4 (D.D.C. Aug. 24, 2006) (dismissing without prejudice new claims raised in plaintiff's opposition to defendant's motion to dismiss with leave to amend the complaint), *aff'd*, 258 Fed. Appx. 342 (D.C. Cir. 2007) (per curiam).

*Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). It appears that the plaintiff's constitutional claim against Warden Maye could only be based on the theory of *respondeat superior*, and thus plaintiff purports to hold him liable for the wrongful acts committed within the scope of his federal employment. *See generally Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 690-94 (1978). Warden Maye's supervisory role does not render him personally liable for the alleged unconstitutional acts of his subordinates. *See id.* at 691 (*respondeat superior* liability cannot form the basis of liability for a § 1983 claim). And a prison official's decision on an inmate grievance with respect to an alleged constitutional violation does not itself render him personally liable under *Bivens*. *See Arocho v. Nafziger*, 367 Fed. Appx. 942, 954 (10th Cir. 2010) (affirming dismissal of *Bivens* claim against warden because the denial of a grievance regarding treatment for Hepatitis C does not establish his participation in alleged constitutional violation); *Hansen v. Bragg*, No. EP-09-CV-166, 2010 WL 157509, at *9 (W.D. Tex. Jan. 12, 2010) (dismissing *Bivens* claim against warden whose "only involvement was in responding to Plaintiff's administrative remedy request and in discussing Plaintiff's medical needs with him and directing him to request information about his dentures from the medical personnel," and citing cases supporting the proposition that "the act of responding to an inmate's administrative remedy, alone, is insufficient to support a constitutional claim against the supervisory official who so responded").

Simply put, "vicarious liability is inapplicable to *Bivens* . . . suits," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Plaintiff fails to articulate any specific action taken by Warden Maye in violation of his constitutional rights, and, therefore, this *Bivens* claim must be dismissed. *Id.*; *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (concluding that a complaint

7

naming Attorney General and the BOP Director as defendants based on theory of *respondeat superior*, without allegations specifying their involvement in the case, did not state *Bivens* claim against them); *Epps v. U.S. Attorney Gen.*, 575 F. Supp. 2d 232, 239 (D.D.C. 2008) (citing *Marshall v. Reno*, 915 F. Supp. 426, 429-30 (D.D.C. 1996)) ("A superior official cannot be held liable under Section 1983 or *Bivens* for the constitutional torts of employees under him or her; the common law theory of respondeat superior does not pertain to the federal government in this context.").

### D. Plaintiff's Bivens Claim Against Schappaugh Will Be Dismissed

Plaintiff purports to bring his claims against Schuppaugh under 42 U.S.C. § 233. *See* Compl. ¶ 13. Defendants move to dismiss this claim on the ground that, as an officer of the Public Health Service, Schappaugh is absolutely immune from suit under 42 U.S.C. § 233(a), Defs.' Mem. at 12, which provides:

> The remedy against the United States provided by [28 U.S.C. §§ 1346(b) and 2672], or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under [28 U.S.C. §§ 1346(b)], for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

Schappaugh is "an employee of the Commissioned Corps of United States Public Health Service," Defs.' Mem., Ex. A (Schappaugh Decl.) ¶ 2, and, effective September 27, 2009, he is the Health Services Administrator at FCI Bastrop, *id.* ¶ 1; *see id.*, Attach. (Request for Personnel

8

Action – Commissioned Officer and Personnel Order). The complaint alleges personal injury resulting from the performance of Schappaugh's duties as the Health Services Administrator. "By its terms, § 233(a) limits recovery for such conduct to suits against the United States," *Hui v. Castaneda*, 130 S. Ct. 1845, 1851 (2010), and plaintiff's *Bivens* claims against this Public Health Service officer are precluded, *id.* at 1854; *see Murrell v. Serrato*, No. CV 09-0556, 2010 WL 3705288, at *4 (D. Ariz. Sept. 14, 2010) (dismissing prisoner plaintiff's *Bivens* claims against Public Health Service employees for alleged denial of adequate medical and dental care for lack of subject matter jurisdiction); *Edwards v. Price*, No. 09 CV 5583, 2010 WL 2836715, at *5 (N.D. Ill. July 16, 2010) (dismissing *Bivens* claim against Public Health Service nurse in her individual capacity because she is immune from suit under § 233(a)); *Tillitz v. Jones*, No. 03-742, 2004 WL 2110709, at *4 (D. Or. Sept. 22, 2004) (dismissing *Bivens* claims against the Chief Dental Officer at FCI Sheridan for lack of subject matter jurisdiction, noting that "by operation of § 233(a) [plaintiff] must bring his claim against the United States pursuant to the FTCA.").

### E. Plaintiff's Claim for Mandamus Relief Will Be Dismissed as Moot

Defendants argue that plaintiff is not entitled to mandamus relief compelling them to provide a medical procedure, Defs.' Mem. at 21, and plaintiff concedes that his "mandamus claim is now moot by virtue of the fact that the BOP provided hernia surgery." Pl.'s Opp'n at 3. Accordingly, the Court will dismiss Count VI of the complaint as moot.

### F. Plaintiff's APA Claim Will Be Dismissed

Plaintiff contends that defendants are required "to promulgate regulations along with a notice and comment period" setting forth "procedures for the equal access to health care by

9

inmates," Compl. ¶ 72, regardless of the facility to which they are designated, *see id.* ¶ 75. Wholly absent, plaintiff alleges, "is specific direction to medical staff to determine inmates['] eligibility for medial treatment." *Id.* Plaintiff apparently seeks revision of the BOP's Program Statement 6301.01, Patient Care (1/15/2005), and demands new regulations by the Public Health Service directing it "to administer healthcare to inmates." *Id.* ¶ 76. Defendants move to dismiss plaintiff's APA claims, arguing that such "interpretive" rules are not subject to the APA. Defs.' Mem. at 19. Plaintiff does not address this argument in his opposition, and the Court treats the matter as conceded. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("'It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citations omitted); *see Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (affirming district court's dismissal of a complaint where the plaintiff failed to comply with Local Civil Rule 7(b)).[2]

Furthermore, as defendants argue, the BOP's program statements generally are considered internal policy statements rather than enforceable legislative rules to which the APA applies.[3] *See Phillips v. Hawk*, No. 98-5513, 1999 WL 325487, at *1 (D.C. Cir. Apr. 14, 1999)

---

[2] If a party fails to file a memorandum of points and authorities in opposition to a motion within the time allotted by the Court, the Court may treat the motion as conceded. LCvR 7(b).

[3] Generally, an agency must publish a general notice of proposed rule making in the Federal Register, 5 U.S.C. § 553(b), give notice to interested parties and an opportunity for them to comment, 5 U.S.C. § 553(c), and publish the rule not less than 30 days before its effective date, 5 U.S.C. § 553(d). These provisions do not apply "to interpretative rules, general
(continued...)

(per curiam) (concluding that Program Statements 5100.06 and 5800.09 were internal agency guidelines not subject to the APA's notice and comment requirements); *Parsons v. Pitzer*, 149 F.3d 734, 738 (7th Cir. 1998) (concluding that Program Statement 5162.02, which "merely lists certain crimes and identifies them as crimes of violence in all cases or in some cases[,] . . . is not a substantive rule subject to the [APA]"). Accordingly, Count IV of the complaint will be dismissed.

### G. *The Remaining Bivens Claims Will Not Be Dismissed for Improper Venue*

Defendants move under Rule 12(b)(3) to dismiss plaintiff's *Bivens* claims on the ground that venue in this district is improper. Defs.' Mem. at 10. Plaintiff counters that, under 28 U.S.C. § 1391(e), venue in the District of Columbia is proper for any case brought against the BOP. Pl.'s Opp'n at 3. His reliance on 28 U.S.C. § 1391(e) is misplaced, however, insofar as he brings *Bivens* claims against the individual defendants in their individual capacities.[4]

"Courts in this jurisdiction must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Cameron*, 983 F.2d at 256. Venue in a *Bivens* case

---

[3](...continued)
statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(3)(A); *see* 5 U.S.C. § 553(d)(2).

[4] Under 28 U.S.C. § 1391(e), a civil action against a government officer or employee "may . . . be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . . ., or (3) the plaintiff resides if no real property is involved in the action." *Id.* Under this provision, notwithstanding the "residence" of the Attorney General and Dr. Benjamin and the location of the headquarters of the DOJ and the BOP, venue in this district is improper.

is governed by 28 U.S.C. § 1391(b). *Stafford v. Briggs*, 444 U.S. 527, 544 (1980); *Cameron*, 983 F.2d at 257 (applying § 1391(b) to *Bivens* action); *Freeman v. Fallin*, 254 F. Supp. 2d 52, 57 (D.D.C. 2003) (same). Under that provision, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Thus, venue is proper if the "activities that transpired in the forum district were not insubstantial in relation to the totality of the events" plaintiff alleges. *Lamont v. Haig*, 590 F.2d 1124, 1134 n.62 (D.C. Cir. 1978).

The Court concludes that venue is improper in this district. All of the defendants do not reside in the District of Columbia; a substantial part of the events relevant to this case did not occur in this district; there is another district where this action otherwise may be brought. The defendants most closely involved in the events described in the complaint work at FCI Bastrop, and a substantial portion of the events giving rise to this action occurred there.

### H. The Court Will Transfer This Action to the United States District Court for the Western District of Texas

Having concluded that venue is improper in the District of Columbia, the Court must either dismiss the action or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Transfer is appropriate "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits."

12

*Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983). Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Review of plaintiff's complaint and the factual allegations therein suggest that the United States District Court for the Western District of Texas will have personal jurisdiction over the defendants most involved with the underlying events and that venue will lie in that district.[5] Accordingly, the Court will transfer this action. *See, e.g., Baez v. Connelly*, No. 09-0925, 2010 WL 3398851, at *3 (D.D.C. Aug. 27, 2010) (transferring action under § 1406(a) to the district which may exercise personal jurisdiction over defendants and where events giving rise to plaintiff's claims occurred); *see also Spotts v. United States*, 562 F. Supp. 2d 46, 55-57 (transferring case under §§ 1404(a) and 1406(a)).

An Order consistent with this Memorandum Opinion will be issued separately.

DATE: February 8, 2011

/s/
COLLEEN KOLLAR KOTELLY
United States District Judge

---

[5] The individual defendants raise the statute of limitations and qualified immunity as affirmative defenses. In light of the Court's rulings on personal jurisdiction and venue, however, consideration of these defenses is better left for the transferee court, presumably after service of process has been effected properly and after counsel enters an appearance on their behalf.